IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

RONNIE RAY STRONG                                                PETITIONER

V.                                                                         NO. 2:11CV226-D-V

JUDGE SMITH MURPHEY                                RESPONDENTS

## MEMORANDUM OPINION

This cause comes before the court on the petition of Ronnie Strong, inmate number 40990, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Strong asserts numerous complaints about his state court conviction and sentence for robbery. He submitted his petition on a civil complaint which could be construed as being brought under 42 U.S.C. § 1983. As discussed in more detail below, however, the matter is not appropriate for federal review.

After carefully considering the contents of the *pro se* petition and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

It is well-settled that a state prisoner seeking habeas corpus relief in federal court is first required to exhaust his available state remedies. 28 U.S.C. § 2254(b)(1) and (c)[1]; *see also, Rose v. Lundy*, 455 U.S. 509 (1982). More specifically, a petitioner must present his claims to the state

---

[1] 28 U.S.C. §2254 (b)(1) and (c) provide:

(b)(1)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

courts in such a fashion as to afford those courts a fair opportunity to rule on the merits. *Picard v. Conner*, 404 U.S. 270 (1971); *Dispensa v. Lynaugh*, 847 F.2d 211, 217 (5th Cir. 1988). A habeas corpus petitioner must provide the state's highest court with a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988) (*citing Carter v. Estelle*, 677 F.2d 427, 443-44 (5th Cir. 1982)).

Construing the pleadings as a habes corpus petition, it is clear that Strong claims have not yet been presented to the State's highest court. Therefore, he has not exhausted his available state remedies. *See* Miss. Code Ann. §§ 99-39-1 *et seq*. Consequently, Strong's petition to this court is premature and must be dismissed without prejudice.

If, however, the court construes his pleadings as a §1983 complaint, it too must fail. Since the plaintiff is attempting to recover damages for his conviction, he must first show that the conviction has been called into question or invalidated through habeas proceedings. *See Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). The pleadings if treated as a complaint are improper.

In either case, Strong's pleadings are not appropriate for federal review and shall be dismissed.

A final judgment in accordance with this opinion will be entered.

THIS the 17th day of January, 2012.

/s/ Glen H. Davidson
SENIOR JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI